# Brown, Appellant, v. Moosic Mountain Coal Company.

*Evidence—Privileged communications—Attorney at law—Employment of same attorney by two persons.*

When two or more persons employ the same attorney in the same business, communications made by them in relation to said business, while privileged as to the common adversary, are not privileged inter sese.

Where an offer of testimony and the preliminary examination of the witness do not disclose a privileged communication, an objection to the offer is properly overruled. If the testimony of the witness subsequently discloses that it was incompetent, it is the duty of counsel to move to strike it out, and not for the trial judge to order it stricken out on his own motion.

Argued, Feb. 20, 1905. Appeal, No. 268, Jan. T., 1904, by plaintiff, from judgment of C. P. Lackawanna Co., Jan T., 1903, No. 241, on verdict for the defendant, in case of John L. Brown v. Moosic Mountain Coal Company. Before MITCHELL, C. J., DEAN, BROWN, POTTER and ELKIN, JJ. Affirmed.

Assumpsit on a contract. Before KELLY, J.

Verdict and judgment for defendant.

On a rule for a new trial KELLY, J., filed the following opinion:

The only reason for a new trial which requires any attention is that in which it is claimed we erred in admitting the testimony of W. S. Diehl, Esq., called as a witness by the defendant. It is claimed that Mr. Diehl was the attorney for the plaintiff at the time he had the conversation with him which he was allowed to testify to, and that, therefore, it was a privileged communication, and as such inadmissible.

A careful examination of Mr. Diehl's testimony fails to convince us that it was a privileged communication between attorney and client which Mr Diehl testified to. True, Mr. Diehl was the attorney for Mr. Brown at the time, in a limited and technical sense, but under all of the circumstances it seems clear that he was acting in his capacity as attorney for the defendant and that the plaintiff knew it when they had the talk about the settlement of the case. Or, if not acting exclusively for the defendant, then it is certainly clear that he acted in behalf of both, in making settlement with the common adversary, Mr. Stanton. The general rule is that when two or more persons employ the same attorney in the same business, communications made by them in relation to such business, while privileged as to their common adversary, are not privileged inter sese : Probst's Appeal, 163 Pa., 423 ; Jackson v. French, 3 Wendell, 337 ; 23 Am. & Eng. Ency. of Law (2 ed.), 65 and notes.

It might be further said in regard to the matter that the offer did not disclose that a privileged communication was sought to be introduced in evidence, nor did the preliminary examination of the witness disclose any such proposition. So the objection to the offer was properly overruled, and if the testimony of the witness subsequently disclosed that it was incompetent it was the duty of counsel to move to strike it out, and not for the trial judge to order it stricken out on his own motion : Aitkin v. Young, 12 Pa. 15.

We think the case was on the whole fairly presented to the jury on its merits, and can see no good reason for disturbing the verdict. The rule for a new trial is, therefore, discharged.

*Error assigned* among others was in admitting the evidence of W. S. Diehl.

*Homer Greene* and *L. P. Wedeman*, with them *F. E. Boyle*, for appellant, cited : Beeson v. Beeson, 9 Pa. 279 ; Beltzhoover v. Blackstock, 3 Watts, 20 ; Moore v. Bray, 10 Pa. 519 ; Kaut v. Kessler, 114 Pa. 603 ; Bennett's Est., 8 W. N. C. 287 ; Miller v. Weeks, 22 Pa. 89 ; Jeanes v. Fridenberg, 3 Clark, 199 ; Com. v. Moyer, 11 W. N. C. 34 ; Peoples' Bank of Buffalo v. Brown, 7 Am. B. R. 475.

*W. W. Watson,* of *Watson, Diehl & Kemmerer,* for appellee.

PER CURIAM, April 24, 1905:

The judgment is affirmed on the opinion of the court below.